Filed: 5/13/2020 6:08 PM
Clerk
Tippecanoe County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE TIPPECANEO /SUPERIOR COURT |
| COUNTY OF TIPPECANEO COUNTY | ) | |
| | ) | CASE NO.    **79C01-2005-CT-000099** |
| TESSA PERDUE | ) | |
| | ) | **Tippecanoe Circuit Court** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MENARDS, INC., a Wisconsin For-Profit | ) | |
| Corporation and THE TRADEMARK | ) | |
| EXTERIORS, LLC, a Indiana For-Profit | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant(s), | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Tessa Purdue sues Defendants Menard's Corporation (Menard's) and The

Trademark Exteriors, LLC (Trademark) and states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. This matter exceeds the court's minimal jurisdictional amounts of $15,000.00.

2. Menard's is a Wisconsin corporation which routinely conducts business in the State

of Indiana. Menard's registered agent is The Prentice-Hall Corporation System, Inc., 135 North

Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204

3. The Trademark is an Indiana Limited Liability Corporation which does business in

the State of Indiana. With a corporate address of 12257 Cobblestone Drive, Fishers, IN 46037.

4. Specifically, on or about May 25, 2018, Trademark was contracted by Menard's to

clean floors at Menard's Creasy lane store in Lafayette IN

5. Tessa Perdue is a resident of Lafayette, IN.

6. On or about May 25, 2018, Plaintiff, Tessa Perdue entered the Menard's store

located at 2850 South Creasy Lane, Lafayette, early in the morning, approximately 7 AM, to shop

for a few items before beginning work.  Unbeknownst to her, Menard's was in the process of

EXHIBIT A

having its floors cleaned, or they had just recently been cleaned, by a third party, Trademark. From the process of cleaning, excess water was left standing on the floor. Plaintiff encountered this water, slipped, fell and was injured.

## NEGLIGENCE AS TO MENARD'S

7.      Plaintiff realleges paragraphs 1-6 above.

8.      Defendant, Menards, through its employees and agents, owed to Plaintiff, Tessa Perdue, a duty of reasonable care in assuring that its store was safe from unreasonably dangerous conditions.

9.      In this case, the excess water on the floor from the cleaning process constituted an unreasonably dangerous condition.

10.     Defendant Menard's, its agents, or employees knew of this condition or reasonably should have known of this condition and the risk it posed to those entering the store for the following reasons:

a.      The excess water had existed for enough time to have reasonably discovered and remedied it and/or,

b.      This same cleaning process and vendor was regularly used, and Menard's was aware that excess water on the floor was a regular occurrence, with this Vendor.

c.      Menard's failed to reasonably warn of the condition.

11.     As a direct and proximate result of the conduct of Menard's, Plaintiff has sustained the following damages:

a.      Bodily injury

b.      Aggravation of existing disease or condition,

c.      Medical and related expenses incurred in seeking a cure for her injuries,

d.      Medical and related expenses to be reasonably incurred in the future,

e.      Loss of income and/or earning capacity.

f.      Physical pain and mental suffering,

WHEREFORE, Plaintiff, Tessa Perdue, demands judgment against Menard's for all damages recoverable by law and a trial by jury.

## NEGLIGENCE AS TO THE TRADEMARK EXTERIOR'S L.L.C.

12.     Plaintiff realleges paragraphs 1-6.

13.     Defendant Trademark, through its agents and employees, owed a duty of reasonable care in the manner in which it completed its contractual work at Menard's, specifically, when cleaning the floors by making sure that excess water was not left on the floor where it could pose a risk of injury to those who entered the store while the water was present.

14.     Excess water on the floor that Trademark was cleaning constituted an unreasonably dangerous condition under the circumstances.

15.     Defendant Trademark, its agents, or employees, breached this duty

a.      by leaving excess water on the floor of Menard's after its cleaning process was completed.

b.      By failing to warn or reasonably warn of this condition.

16.     As a direct and proximate result of the conduct of Trademark, Plaintiff Tessa Perdue has sustained the following damages.

a.      Injury to her Body

b.      Medical and related Expenses, both past and future, incurred in seeking relief for her injuries.

c.      Loss of Income and/or Diminution of Earning Capacity due to her injuries.

       d.        Pain and Suffering, Diminished Capacity to Enjoy Life, Mental Anguish, Inconvenience.

       e.        Scarring and Disfigurement.

WHEREFORE, Plaintiff demands judgment against Trademark Exteriors L.L.C. for all damages recoverable by law and a trial by jury.

Dated:  May 12, 2020

GENET & WALKER, P.A.

*/s/ Michael L. Walker, Esquire*
Michael L. Walker, Esquire
Attorney Number:  13794-79
775 County Road 1
Palm Harbor, Florida 34683
Telephone:  (727) 538-8865
Facsimile: (727) 539-8726
Email: mwalker101561@gmail.com
Attorney for Plaintiff